UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM LYNETTE HOUSTON,

    Plaintiff,

v.                                       Case No: 8:20-cv-782-CEH-JSS

MANATEE COUNTY,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Defendant Manatee County's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 23] and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 29]. The Court, having considered the motion and the response, and being fully advised in the premises, will **GRANT** Defendant Manatee County's Motion to Dismiss Plaintiff's Amended Complaint.

BACKGROUND

This is an action for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et. seq.* (the "ADA"). [Doc. 14 at p. 3]. Plaintiff, who is *pro se*,[1] worked as a Transit Operator for the Transit Division of the Public

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 3:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are

Works Department of Defendant Manatee County. *Id.* at p. 13. Among other things, she alleges that she was separated from her job because her employer believed she had a mental problem. *Id.* at p. 7. She also alleges that this ordeal has tarnished her reputation and resulted in defamation of character. *Id.* at p. 5. Plaintiff is seeking compensatory and punitive damages as a result.[2] *Id.* at p. 5.

In the motion to dismiss, Defendant states that the amended complaint is due to be dismissed because it is a shotgun pleading that violates Federal Rules of Civil 8(a)(2) and 10(b). [Doc. 23 ¶ 7]. Additionally, Defendant argues that the complaint impermissibly seeks punitive damages, as it is a governmental entity and any such request should not be allowed if Plaintiff is allowed to file an amended complaint. *Id.* ¶ 8; pp. 6-7. Plaintiff agrees that she failed to comply with the basic pleading requirements. [Doc. 29 at p. 5]. However, Plaintiff opposes the request to order her to exclude any request for punitive damages from her complaint.

## DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, the claims must be stated in numbered paragraphs, each limited as far as practicable to a single set of

---

welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

[2] Notably, Plaintiff had filed a Second Amended Complaint [Doc. 24], which the Court struck due to Plaintiff's failure to seek leave to file [Doc. 25]. Plaintiff then sought leave to file her response to the subject motion to dismiss. [Doc. 27].

circumstances. Fed. R. Civ. P. 10(b). Plaintiff concedes, and the Court agrees, that the complaint suffers these pleading defects. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often . . . referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).[3] "[A] District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). As such, the Court will dismiss the Amended Complaint as a shotgun pleading.

Moreover, the Court agrees that punitive damages are not available against "a government, government agency or political subdivision" by a complaining party seeking relief under the ADA. *See* 42 U.S.C.A. § 1981a (a)(2), (b)(1). Cases interpreting § 1981a(b) have applied it against plaintiffs seeking to recover punitive damages against state governmental agencies or officials. *Biggs v. State of Fla. Bd. of Regents*, No. 1:96-CV-185-MMP, 1998 WL 344349, at *2 (N.D. Fla. June 11, 1998); *Erickson v. Hunter*, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996) ("Punitive damages are available in discrimination actions, provided that they are not against the government or a governmental agency. 42 U.S.C. § 1981a(b)(1). Collier County is a governmental entity, and, therefore, no punitive damages may be received

---

[3] Although the Court gives liberal construction to the pleadings of *pro se* litigants, "[the Court] nevertheless ha[s] required them to conform to procedural rules." *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir.2002).

3

from it."); *Heier v. Sch. Dist. of Lee Cty., Fla.*, No. 2:15-CV-628-FTM-38CM, 2016 WL 8924954, at *2 (M.D. Fla. June 2, 2016) (disallowing punitive damages against Defendant, a political subdivision of the State of Florida, that oversees the public school system in Lee County); *Allan v. City of Leesburg*, No. 5:08-CV-176-OC-10GRJ, 2009 WL 10670463, at *6 (M.D. Fla. Oct. 16, 2009) ("To the extent the Plaintiffs have sought punitive damages against the City of Leesburg as to any claim . . . those demands shall be stricken and the Plaintiffs shall not include such demands should they choose to amend. *See* 42 U.S.C. § 1981a(b)(1)"); *Tillman v. City of Ocala, Fla.*, No. 504CV219OC10GRJ, 2005 WL 2346951, at *9, n. 119 (M.D. Fla. Sept. 26, 2005) (holding that "Plaintiff cannot seek punitive damages against the City of Ocala for its alleged discriminatory and retaliatory conduct under the Florida Civil Rights Act, Title VII, or 42 U.S.C. § 1983" and citing 42 U.S.C. § 1981a(b)(1)); *Angelo v. Jackson Mem'l Hosp.*, No. 07-21220-CIV, 2007 WL 9706665, at *2 (S.D. Fla. July 26, 2007) ("I conclude that Jackson is a government agency as a matter of law, and that Ms. Angelo's request for punitive damages should therefore be stricken."). Plaintiff alleges a claim under the ADA and indicates that Defendant is "a political subdivision of the State of Florida." [Doc. 14 at pp. 2, 3]. Therefore, punitive damages are not recoverable in this action for Plaintiff's ADA claim and should not be included in the amended complaint, should Plaintiff choose to file one.

Accordingly, it is hereby **ORDERED**:

1. Defendant Manatee County's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 23] is **GRANTED**. Plaintiff is granted leave to file an

amended complaint, on or before February 19, 2021, which cures the pleading deficiencies discussed in this Order. Failure to file an amended complaint within the time provided will result in dismissal of this case.

**DONE AND ORDERED** in Tampa, Florida on February 4, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any